IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Patricia U., <br><br> *Plaintiff*, <br><br> v. <br><br> Frank J. Bisignano, <br> Commissioner of Social Security, <br><br> *Defendant*. | Case No. 3:23-cv-50082 <br><br> Honorable Michael F. Iasparro |

## MEMORANDUM OPINION AND ORDER

Plaintiff Patricia U. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her application for supplemental security income.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

In September 2020, Plaintiff protectively filed an application for supplemental security income alleging a disability beginning on May 1, 2019 because of bipolar disorder, anxiety, essential tremor, a history of breast cancer, and high blood pressure. Dkts. 59, 174.[2] Plaintiff was 60 years old at the time she filed her application.

Following a hearing, an administrative law judge ("ALJ") issued a decision in June 2022, finding that Plaintiff was not disabled. R. 14–24. The ALJ found that Plaintiff had the following severe impairments: bipolar disorder and depression with anxious distress. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations:

> the claimant can understand, remember and carryout simple, routine instructions and use judgment limited to simple work related decisions. She can have occasional interaction with supervisors, coworkers and the general public. The claimant is able to tolerate occasional changes to the work setting.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 5.
[2] Plaintiff also filed for disability insurance benefits, but her claim was denied because she did not work long enough to qualify for disability benefits. R. 83.

1

R. 19. The ALJ determined that Plaintiff had no past relevant work, but that there were other jobs that existed in significant numbers in the national economy that she could perform.

On January 11, 2023, the Appeals Council denied Plaintiff's request for review. R. 1. Plaintiff then filed the instant action seeking judicial review of the ALJ's decision. Dkt. 1.

## STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* The court's review of the Commissioner's findings is subject to "a very deferential standard." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, "we will reverse an ALJ's decision only if the record compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation modified).

## DISCUSSION

Plaintiff challenges the ALJ's decision, arguing that the ALJ did not properly evaluate her mental impairments.[3] Specifically, Plaintiff argues that: (1) at step three, the ALJ failed to address testimony from Plaintiff's daughter about the support Plaintiff received from her children; and (2) the ALJ cherry-picked evidence regarding Plaintiff's ability to work and carry out activities of daily living. As discussed below, the Court finds that the ALJ's decision is supported by substantial evidence.

**I. Step Three**

Plaintiff argues that at step three of the ALJ's listing analysis, the ALJ committed reversible error by failing to address testimony from Plaintiff's daughter about the support Plaintiff received from her children. Plaintiff argues that this testimony shows that due to her mental impairments,

---

[3] Plaintiff does not challenge the ALJ's decision as it relates to her physical impairments. Accordingly, the Court will not address those impairments or the related determination that Plaintiff had the RFC to perform a full range of work at all exertional levels.

she required daily monitoring and supervision from her children because she "cannot live alone" or take care of herself. Pl.'s Br. at 6, Dkt. 18.

In response, the Commissioner points out that the ALJ did consider this testimony and the support Plaintiff received. Although not at step three, later in the decision the ALJ specifically addressed Plaintiff's daughter's testimony that she and her siblings took turns living with Plaintiff to help take care of her. Def.'s Resp. at 4, Dkt. 24 (citing R. 20). The Commissioner is correct that this Court must consider the ALJ's decision as a whole, which includes the ALJ's discussion of the evidence in support of the RFC determination. "[W]hen an ALJ explains how the evidence reveals a claimant's functional capacity, that discussion may doubly explain how the evidence shows the claimant's impairment is not presumptively disabling under the pertinent listing. And, as we've already recognized, [t]o require the ALJ to repeat such a discussion throughout [the] decision would be redundant." *Zellweger v. Saul*, 984 F.3d 1251, 1255 (7th Cir. 2021) (citation modified).

In addressing this testimony, however, the ALJ correctly noted that Plaintiff's daughter testified primarily about the problems Plaintiff had taking care of herself in 2018, which is before the relevant period for purposes of Plaintiff's application. R. 20, 45. For supplemental security income benefits, Plaintiff must demonstrate that she was disabled during the time her application was pending, namely September 2020, through the date of the ALJ's decision in June 2022. *See* 20 C.F.R. §§ 416.330, 416.335. Plaintiff has not responded to the Commissioner's arguments[4] or otherwise explained how her daughter's testimony recounting Plaintiff's deficits in 2018, which predates her application by over two years, "shed[s] light on her impairments and disabilities from the relevant [ ] period." *Million v. Astrue*, 260 Fed. App'x 918, 922 (7th Cir. 2008) (unpublished). Instead, Plaintiff's brief focuses on her deficits in 2017 and 2018 without acknowledging the improvement Plaintiff herself testified to during the relevant period. *See* Pl.'s Br. at 1–4, Dkt. 18.

As Plaintiff points out, in November 2017, Plaintiff began working part-time as a cashier at Menards. As reported by Plaintiff's psychiatrist, Dr. Raymond Garcia, this was the first time Plaintiff had worked in 28 years, and she became very anxious and got progressively worse. R. 600. Plaintiff quit her job in December 2017 and started treating with Dr. Garcia in February 2018. *Id.* Dr. Garcia reported symptoms of delusions or hallucinations, impaired cognition, and panic attacks every couple of days. R. 600–01. Dr. Garcia opined that Plaintiff's current episode was triggered by the stress of returning to work after being out of the workforce for so long. R. 601. Between 2018 and 2019, Plaintiff had periods of improvement and regression. *See, e.g.*, R. 607 (3/2018: improving with medication and therapy); R. 617 (5/2018: delirium caused by a urinary tract infection); R. 629 (8/2018: mood stable and bipolar disorder in full remission); R. 647 (7/2019: "extremely depressed"); R. 658 (10/2019: improving on new medication).

But as the ALJ recognized, starting in 2020, Plaintiff's symptoms improved, and she did not require the same support that she did in 2018. R. 21. Plaintiff was doing well on her medications, and her mood was stable. R. 21 (citing R. 668); *see also* R. 664, 668, 673, 677, 679. The ALJ made this determination based not only on Plaintiff's treatment records showing her

---

[4] Plaintiff failed to file a reply brief even after the court *sua sponte* extended the time for her to file one. Dkt. 25; *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (explaining that failing to respond to an opposing party's argument in a response brief results in forfeiture ).

3

improvement with medications but also Plaintiff's own testimony that since starting her medications in 2018 she no longer experienced symptoms of depression or mood swings and had no difficulty taking care of herself. *See* R. 20, R. 36–37, 40. In her own function report, Plaintiff confirmed that she had no problems with her personal care. R. 209. Plaintiff also testified that she last worked a seasonal, part-time cashier job at Kohl's in January 2022, a job she liked and reported no difficulties working. R. 35. When asked why she felt she was disabled, Plaintiff responded "I don't know." R. 35.

Plaintiff does not address this portion of the ALJ's decision or otherwise argue that the ALJ's evaluation of these records was inaccurate or improper. The ALJ considered the evidence relating to Plaintiff's impairments both before and during the relevant period, finding that Plaintiff suffered from bipolar disorder, depression, and anxiety with a history of mental status deficits. R. 21. However, the ALJ ultimately found that Plaintiff's mental impairments during the relevant period only supported mild or moderate limitations in the paragraph B criteria.[5] In light of the evidence in the record, including Plaintiff's own testimony, Plaintiff's reliance on her deficits in 2017 and 2018 does not support greater limitations during the relevant period. For all these reasons, Plaintiff has failed to show that the ALJ erred in her step three determination.

## II. Cherry-Picking

Next, Plaintiff argues that "the ALJ engaged in improper cherry-picking of evidence to bolster her decision that [Plaintiff] could perform work." Pl.'s Br. at 7, Dkt. 18. Specifically, Plaintiff argues that the ALJ failed to address how the support she received from her children contributed to her relative stability. Plaintiff also takes issue with the ALJ's reliance on her seasonal position at Kohl's as evidence that she could work.

While it is true that the ALJ is not required to discuss every piece of evidence in the record, "[a]n ALJ cannot simply cherry-pick facts supporting a finding of non-disability while ignoring evidence that points to a disability finding." *Reinaas v. Saul*, 953 F.3d 461, 466 (7th Cir. 2020). However, that is not what the ALJ did here.

As to the support Plaintiff received, the ALJ did not cherry-pick the evidence in the record to support her conclusion that Plaintiff was not disabled. As outlined above, Plaintiff's focus on her limitations and the support she required before her application date is misplaced. The ALJ considered the history of Plaintiff's mental impairments but reasonably relied on evidence closer to the relevant period showing that Plaintiff had improved since starting medications, in addition to reports from both Plaintiff and her providers that her mood stabilized. The ALJ did not ignore any line of evidence regarding the support Plaintiff received. *See, e.g., Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) (explaining that an ALJ does not engage in impermissible cherry-picking when he "specifically addresse[s] all the evidence that [the plaintiff] points out" but "d[oes] not assign the significance to it that [the plaintiff] prefers").

---

[5] Plaintiff incorrectly claims that the ALJ found that Plaintiff had only "mild" limitations in all four paragraph B criteria. Pl.'s Br. at 6, Dkt. 18. In fact, the ALJ found that Plaintiff had two "mild" and two "moderate" limitations across the criteria and that, because Plaintiff's mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, the paragraph B criteria were not satisfied. R. 17–19.

4

As to her work history, Plaintiff argues that the ALJ relied too heavily on Plaintiff's seasonal cashier work at Kohl's to find that Plaintiff was capable of performing substantial gainful activity. Plaintiff takes issue with the ALJ's reference to a medical note that Plaintiff was "fully employed," to "bolster her RFC." Pl.'s Br. at 7, Dkt. 18. However, in her decision, the ALJ clearly referenced Plaintiff's "part-time job at Kohl's" where Plaintiff reported working "1-2 days per week." R. 20, 21. Accordingly, the ALJ did not mischaracterize Plaintiff's work history.

The ALJ also did not rely solely on Plaintiff's part-time employment as evidence of her ability to work as Plaintiff suggests. Plaintiff focuses on the "detrimental health consequences" she suffered after attempting to work at Menards in 2017 to argue that the ALJ improperly "glossed over the brevity of the work and the effect of the work on Claimant's mental health." Pl.'s Br. at 8, Dkt. 18. But again, Plaintiff focuses on her detrimental mental status in 2018 and ignores the evidence during the relevant period relied upon by the ALJ. In fact, once Plaintiff became stable after starting her medications, her providers encouraged her to work and interact with others to help with her depression. *See, e.g.,* R. 652 (8/2019: "[D]iscussed the need for client to get out of her house and interact with other people as a way to reduce depression."); R. 870 (10/2021: commending Plaintiff for getting a part-time job because it will help improve her mental health by being around others); R. 874 (11/2021: same). Plaintiff also informed the ALJ and her providers that she enjoyed her work at Kohl's and immediately started looking for other cashier positions after her seasonal position ended. R. 35, 870, 872, 874, 876.

Contrary to Plaintiff's argument, the ALJ acknowledged the detrimental effects Plaintiff suffered when she started working at Menards in 2017. R. 21. Nevertheless, based on Plaintiff's own reports and her medical records showing improvement closer to the relevant period, the ALJ determined that Plaintiff remained capable of substantial gainful activity subject to the RFC restrictions that accommodated the symptoms of her mental impairments as supported by the record. R. 21. Moreover, in finding Plaintiff not disabled and in formulating the RFC, the ALJ evaluated the only medical opinions in the record that addressed Plaintiff's mental limitations, namely the opinions from the state agency reviewing psychologists and Plaintiff's treating psychiatrist. Plaintiff does not challenge the ALJ's evaluation of these opinions. Instead, Plaintiff's arguments amount to a disagreement with how the ALJ weighed the evidence in an attempt to reweigh the evidence on appeal, which this Court cannot do. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). This Court finds that the ALJ's decision is supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse or remand the Commissioner's decision is denied, and Defendant's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Entered: September 18, 2025      By: _____
                                                                                 Michael F. Iasparro
                                                                                 United States Magistrate Judge